THE PROSPECT POINT LAND IMPROVEMENT COMPANY OF LAKE HOPATCONG, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. SEWARD B. JACKSON, DEFENDANT-APPELLANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Minton & Day.*

For the plaintiff-respondent, *H. Warner Doremus.*

PER CURIAM.

The plaintiff had judgment in a case tried before a jury. The suit was brought to recover the arrearages of rent reserved in a lease of premises in Byram township, Sussex county, New Jersey.

The defenses raised by the pleadings were: (1) The defendant was not indebted; (2) the plaintiff did not have title to the premises leased.

The case comes up on an agreed state of facts.

1. We fail to see harmful error in sustaining an objection to a question propounded to the appellant: "Why did you not pay the balance of the rent?" If there was an eviction, the payment could not have been enforced, but no attempt seems to have been made to show an eviction and the reason for the defendant's failure to pay rent was irrelevant.

2. A witness, McBride, built a fence across part of the premises. A question concerning McBride's claims was properly excluded. Lack of title could have been proved, but the court was not concerned with claims but facts.

3. The judge's charge is not returned with the record, and we know of no way in which we can determine its incorrectness save by an examination thereof.

4. With the record is returned something said to be plaintiff's requests to charge which were charged and which should not have been charged. Perhaps not! The charge is not before us, nor does it appear that the defendant made any requests to charge. We cannot, since we can make no examination of the charge, say that some part of it was erronous. This court is entitled to have the whole charge laid before us so that we can determine if there was prejudicial error.

The judgment is affirmed, with costs.